**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DYLAN FRACASSE,

   Plaintiff,

-VS-

INNOVIS DATA
SOLUTIONS, INC.,

   Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DYLAN FRACASSE (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, INNOVIS DATA SOLUTIONS, INC. (hereafter "Innovis") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are four major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), Experian Information Solutions, Inc. (hereafter "Experian"), and Innovis Information Solutions, Inc.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, Trans Union, and Innovis are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from credit furnishing entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy." Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

7. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Innovis transacts business within this District.

8. The Plaintiff is a natural person and resident of Lake County, within the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Innovis is a corporation headquartered in the State of Ohio, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

10. Innovis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Innovis is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Innovis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person and resident of the State of Florida.

13. On or about January 2015, while attempting to purchase a different home, Plaintiff became aware that his credit score significantly dropped due to fraudulent accounts found on his credit reports.

14. Plaintiff was unable to purchase this desired home, due to the inaccurate reporting and resulting low credit score.

15. On January 27, 2015, Plaintiff filed a Police Report with the Denver Police Department (2015-6000795) alleging said identity theft.

16. In or about September 2017, Plaintiff applied for another home loan through Security National Mortgage Company, for a different home.

17. Due to the inaccurate credit reporting, Plaintiff was forced to withdraw his home loan application, after receiving word that his credit score had dropped significantly. Plaintiff withdrew his application from Security National Mortgage Company on or about August 1, 2017.

18. Finally, on November 3, 2017, Plaintiff purchased a home and secured a mediocre mortgage with an interest rate of 4.75%, a rate that was higher than he would have otherwise qualified.

19. On December 5, 2017, Plaintiff notified Denver Police Department of new, additional identity theft (2015-6000795), involving more inaccurate and fraudulent items on Plaintiff's credit reports.

20. On or about April 2018, Plaintiff applied for another automobile loan to purchase an SUV through Pen Fed Credit Union.

21. Due to inaccurate credit reporting, Plaintiff was denied an auto loan from Pen Fed Credit Union on April 10, 2018. Plaintiff was forced to try to obtain financing through a different lender.

22. On or about June 6, 2018, Plaintiff applied for another automobile loan through McCoy Federal, to obtain a pre-approval to buy a different SUV.

23. Due to inaccurate credit reporting, Plaintiff was denied an auto loan from McCoy Federal on June 6, 2018.

24. Plaintiff, again, was forced to try to obtain financing through a different lender.

25. On or about June 2018, Plaintiff applied for another automobile loan through Capital One.

26. Due to inaccurate credit reporting, Plaintiff was denied an auto-loan from Capital One on June 22, 2018.

27. Plaintiff, once more, was forced to try to obtain financing through a different lender

28. On or about July 2018, Plaintiff attempted to secure another automobile financing through Lexus.

29. Due to inaccurate credit reporting, Plaintiff was denied an auto loan from Lexus on July 3, 2018.

30. Plaintiff, yet again, was forced to try to obtain financing through a different lender.

31. On or about July 2018, Plaintiff attempted to secure another automobile loan through State Farm Bank.

32. Finally, Plaintiff was able to purchase a three-year-old SUV in or about October 2018 with a high interest rate of 8%. Had Plaintiff's true credit history been reported accurately, the interest rate on this loan would have been much lower.

33. Plaintiff, the owner of an inspection company, attempted to purchase a work truck in or about March 2018, but was denied.

34. Plaintiff suffered other, significant denials of credit through the Summer of 2018.

35. On December 20, 2018, Plaintiff requested a copy of his Innovis credit report which was received on December 20, 2018.

36. Upon receipt and review of his credit report, Plaintiff discovered a number of derogatory accounts and inquiries were continuing to be reported on his Innovis credit report that had not been resolved despite Plaintiff's several yearlong attempts to resolve this matter with furnishers, other credit reporting agencies, and multiple police reports.

37. Plaintiff drafted and sent, via certified mail, a three-page dispute letter detailing the inaccurate information reporting on his Innvois credit report. All told Plaintiff disputed nine inaccurate accounts, six inaccurate inquiries, four inaccurate addresses, and five inaccurate phone numbers.

38. On January 30, 2019, Innovis responded to Plaintiff's dispute updating three accounts. Inexplicably, Innovis verified additional fraudulent accounts that were not initially part of Plaintiff's dispute, further damaging Plaintiff's credit. These additional new accounts were

also derogatory and did not belong to Plaintiff, further displaying Innovis' failure in its investigative duties.

39. As a result of Innovis' inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Increased interest rate on auto loans;

    b. Increased interest rate on home loans;

    c. Denial of applications for financing related to the purchase automobiles;

    d. Denial of applications for financing related to the purchase of homes;

    e. Stress, anxiety, and mental duress;

    f. Humiliation and embarrassment;

    g. Injury to Plaintiff's reputation and creditworthiness;

    h. Monies lost by attempting to fix her credit, such as communication costs, postage for disputes;

    j. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life;

    k. Stress associated with hundreds of hours attempting to resolve this matter.

40. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION
### COUNT I
**(Violation of the FCRA - As to Defendant Innovis)**

41. The Plaintiff re-alleges and incorporates one (1) through forty (40) as if fully set out herein.

42. Innovis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

43. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, increased interest rate(s), and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

44. Innovis's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Innovis was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o.

45. The Plaintiff is entitled to recover costs and attorney's fees from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, INNOVIS DATA SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
**(Violation of the FCRA - As to Defendant Innovis)**

46. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully set out herein.

47. Innovis violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source

7

it has to know is unreliable; particularly when a copy of their social security card is provided to show the obvious inaccuracies in their reporting. Plaintiff provided sufficient information to Innovis to have them identify the fraudulent account.

48. Innovis's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Innovis was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o. Innovis took no independent action to investigate the dispute. Innovis chose to ignore the additional information provided and the clearly indicated erroneous accounts listed in Plaintiff's dispute.

49. As a result of Equifax's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

50. The Plaintiff is entitled to recover costs and attorney's fees from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, INNOVIS DATA SOLUTIONS, INC., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Plaintiff further demands a trial by jury on all issues so triable.

                                                   */s/ Octavio Gomez*
                                                   **Octavio Gomez, Esq.**
                                                   Florida Bar No.: 0338620
                                                   Morgan & Morgan, Tampa, P.A.
                                                   201 N. Franklin Street, Suite 700
                                                   Tampa, Florida 33602
                                                   Telephone: (813) 223-5505
                                                   Facsimile: (813) 983-2889

Primary: TGomez@ForThePeople.com
Secondary: DGagliano@ForThePeople.com
**Craig C. Marchiando, Esq.**
Florida Bar #1010769
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 939-3662
craig@clalegal.com
*Attorneys for Plaintiff*